UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Master File No. 00-1334-MD-MORENO**
**Tag-Along Case No. 02-22027-CIV-MORENO**

IN RE: MANAGED CARE LITIGATION
_____

THE AMERICAN DENTAL ASSOCIATION, on its own behalf and in an associational capacity on behalf of its members, and FRANK S. ARNOLD, D.M.D., DAVID W. RICHARDS, D.D.C., and JAMES SWANSON, D.D.S., individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

WELLPOINT HEALTH NETWORKS INC. and BLUE CROSS OF CALIFORNIA,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PARTIALLY GRANTING MOTION TO DISMISS

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on August 25, 2008 **(D.E. No. 35).** The Magistrate Judge filed a Report and Recommendation **(D.E. No. 36)** on **November 6, 2008**. The Court reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation **(D.E. No. 36)** on **November 6, 2008** is **AFFIRMED** and **ADOPTED**.

Accordingly, it is

**ADJUDGED** that:

(1) Defendants' Motion to Dismiss Count I of the Complaint due to failure to exhaust administrative remedies is DENIED.

(2) Defendants' Motion to Dismiss Counts II and III of the Complaint due to ERISA preemption is GRANTED and Counts II and III are DISMISSED WITH PREJUDICE.

(3) Defendants' Motion to Dismiss Counts II and III due to failure to state a claim under applicable law is DENIED AS MOOT.

(4) Defendants' Motion to Dismiss Plaintiff American Dental Association's ERISA claim due to lack of standing is GRANTED IN PART and DENIED IN PART as follows:

    (a) ADA lacks standing to assert direct claims on its own behalf.

    (b) ADA has representative standing to assert claims on behalf of its members. In reaching this conclusion, the Court is cognizant that under *Hunt v. Washington State Apple Advertising Commission*, the ADA does not have representational standing if neither the *claim it asserts* nor the relief it seeks requires the participation of individual ADA members in this lawsuit. 432 U.S. 333, 343 (1977). Only breach of contract claims remain pending in this suit. The current fact record at the Motion to Dismiss stage is too thin for the Court to gainsay the ADA's contention that it can prove its claims without member participation.

    Nevertheless, the Court may revisit the ADA's standing at a later date, should its claims require individualized participation from ADA members. All the other plaintiffs retain full standing to litigate the pending claims, and thus knocking over

a single domino, the ADA, likely would not bring the litigation of this nearly seven-year-old lawsuit to a screeching halt.[1]

(5)     Defendants' Motion to Dismiss the entire Complaint due to failure to comply with FED. R. CIV. P. 8(a)(2) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of January, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge Edwin G. Torres
Counsel of Record

---

[1] The Court acknowledges, however, that when one domino falls, the others typically follow.