UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Master File No. 00-1334-MD-MORENO/TORRES
Tag-Along Case No. 02-22027-CIV-MORENO/TORRES

IN RE: MANAGED CARE LITIGATION
_____/

THE AMERICAN DENTAL ASSOCIATION,
on its own behalf and in an associational
capacity on behalf of its members, and
FRANK S. ARNOLD, D.M.D., DAVID
W. RICHARDS, D.D.S, and JAMES
SWANSON, D.D.S, individually and on
behalf of all others similarly situated,

       Plaintiffs,

vs.

WELLPOINT HEALTH NETWORKS INC.,
and BLUE CROSS OF CALIFORNIA
NATIONWIDE MUTUAL INSURANCE
COMPANY,

       Defendants.
_____/

**ORDER ON MOTION FOR RECONSIDERATION
OF REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT**

This matter is before the Court on the Motion for Reconsideration [D.E. 76] filed by Plaintiffs, The American Dental Association, Frank S. Arnold, D.M.D., David Richards, D.D.S., and James Swanson, D.D.S., in response to this Court's Report and Recommendation [D.E. 73] on Defendants' Motion for Summary Judgment [D.E. 43, 69] Based on Failure to Exhaust Administrative Remedies. The Court has reviewed

the motion, Defendants' response, the reply, and the record in the case. For the following reasons, the motion for reconsideration is Granted.

1. On April 13, 2010, the Court entered its Report and Recommendation on Defendants' Motion for Summary Judgment. The Court recommended that the motion be granted because "we conclude that Dr. Richards' November 2001 letter did not constitute an appeal of Defendants' fee reduction for the treatment he rendered to one of their subscribers." [D.E. 73 at 8]. The Report was based upon the undisputed facts in the record that required entry of summary judgment on Defendant's defense of failure to exhaust administrative remedies under the dental plan in question.

2. At the time that the Report was entered, after being pending for over a year, after a stay, and following renewal of the motion once the stay was lifted, the Court construed the record as having been closed and relevant discovery completed, including the Defendant's 30(b)(6) deposition that was to take place in February 2010. The pending motion argues, however, that the Report should be reconsidered in part because that deposition had not in fact been taken contrary to the parties' agreement. Plaintiffs point to the parties' submissions, following renewal of Defendants' Motion for Summary Judgment [D.E. 69], that asked that the Court await a final decision pending completion of a Rule 30(b)(6) deposition on the issue of failure to exhaust administrative remedies. [D.E. 71, 72].

3. Specifically, Plaintiffs rely on Defendants' agreement in their reply supporting summary judgment that:

> Defendants agree with Plaintiffs that their Motion for Summary Judgment should be addressed as a threshold matter as soon as the Rule

> 30(b)(6) deposition is completed, [and] the parties should inform the court when the deposition is completed . . .

Reply in Support of Defendants' Notice of Renewal of Motion for Summary Judgment, dated Jan. 29, 2010 [D.E. 72].

4. As it turns out, after briefing on the summary judgment motion closed Plaintiffs appear to have dragged their feet to schedule the deposition. Though it was represented to the Court that it would take place in February, and Defendants' counsel appears to have provided dates for the deposition consistent with that representation, for some reason Plaintiffs did not promptly schedule the deposition even with the proverbial sword of Damocles hanging over their head. Plaintiffs, instead, got around to the issue three months later in April when counsel requested new dates for late April. By that point, of course, this Court disposed of the pending summary judgment motion with the very reasonable assumption that the record by that point had closed.

5. With a newly found spark, Plaintiffs' counsel promptly moved for reconsideration of the Court's Report and Recommendation, which attached a Rule 56(f) declaration purporting to show that discovery was still required prior to resolution of the motion. Plaintiffs claim that the deposition had not been taken, that it was essential to defending against the motion, and that written discovery obtained from Defendants provided "newly discovered" evidence supporting Plaintiffs' arguments. Plaintiffs then shamelessly maintain that this Court "overlooked" the parties' agreement as to the taking of the Rule 30(b)(6) deposition, without any mention or regret over their own lack of diligence.

6. Not to be outdone, Defendants' response was equally irritating. Rather than acknowledging their earlier agreement as to the need for completing the Rule 30(b)(6) deposition, Defendants tried to back away from and minimize it by claiming that they never agreed the deposition was necessary or relevant. While conceding that they did not object to the deposition, Defendants argued that they have always maintained that resolution of the motion need not await "far-ranging" discovery. Defendants oppose reconsideration because any additional discovery would be futile, as this Court's Report found, and there has been no newly found evidence as Plaintiffs' supporting evidence was produced to them long ago.

7. Faced with this record, we readily conclude that both parties have fallen short in their obligation to assist this Court in rendering timely and fair justice in this case. Both parties should have timely advised the Court as to the delay in completing this deposition, and their failure to do so led to unnecessary consumption of judicial resources.

8. That having been said, the question now is whether the state of the record warrants reconsideration. We could follow Defendants' reasoning that the deposition would still prove futile given the legal conclusions reached in the Court's Report. We could also find that Plaintiffs' lack of diligence waived any entitlement to this deposition. And, finally, we agree that the "newly discovered" evidence was discovered long ago, and even if not may still not be sufficient to change the outcome.

9. But upon reflection we conclude instead that reconsideration is still required here to avoid any further wasted judicial resources. Although we still believe that the Report's reasoning is still sound and may not be overcome by anything learned

in this deposition, the risk of error is tangibly present in this record. And we do not believe it appropriate to ask Judge Moreno or the Court of Appeals to consider any objections to the Report while Plaintiffs retain the argument that due process was not satisfied. That hole in this record can easily be filled, which counsels in favor of reconsideration. Moreover, while we agree with Defendants, and as the Court found in the Report, that extensive discovery is not necessary to address the predominant legal issue presented by this affirmative defense, a party's own deposition can hardly be deemed "far ranging" as Defendants maintain. It is indeed essential for resolution of this or any other Rule 56 motion. Defendants conceded as much in their reply, a concession that Defendants must be bound to and that the Court must enforce.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A.   Plaintiffs' motion for reconsideration is **GRANTED** notwithstanding their own lack of diligence.

B.   The Defendants' Rule 30(b)(6) deposition(s) shall be taken and completed no later than July 9, 2010. Any failure by either party to comply with this Order shall be addressed with appropriate sanctions. No other discovery is being Ordered herein.

C.   The Court's Report and Recommendation [D.E. 73] is **VACATED**.

D.   For administrative reasons, the now-stale and incomplete motion for summary judgment [D.E. 43, 69] is **DENIED WITHOUT PREJUDICE**. Defendants may renew their motion upon completion of the Rule 30(b)(6) deposition, which motion shall be considered anew by the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of June, 2010.

                                                                   _____
                                                                   EDWIN G. TORRES
                                                                   United States Magistrate Judge